**Jorge MAGANA–VILLALVAZO, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 15–70580**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 *

FILED June 20, 2016

Reza Athari, Esquire, Attorney, Reza Athari & Associates, Las Vegas, NV, for Petitioner.

Margot L. Carter, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Jorge Magana–Villalvazo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") removal order. Our jurisdic-

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir.2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Magana–Villalvazo's request for a continuance for failure to show good cause, where he did not show he would be statutorily eligible for the relief sought. *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for a continuance for good cause shown); *Ahmed*, 569 F.3d at 1012.

Magana–Villalvazo's contention that the agency did not properly consider the factors in evaluating whether he had shown good cause for a continuance is not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir.2010) ("What is required is merely that [the agency] consider[s] the issues raised, and announce[s] its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citations and quotation marks omitted)).

To the extent Magana–Villalvazo contends the IJ erred in not addressing whether his voluntary return was lawful, he failed to exhaust this contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir.2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.